# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMMA BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO:  09-1575** |
| **STANDARD FIRE INSURANCE COMPANY, ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is **Defendant's Motion To Compel Discovery and Award Attorney's Fees and Costs (R. Doc. 7)** filed by the Defendant, Standard Fire Insurance Company ("Standard Fire"), seeking an Order from this Court compelling the Plaintiff, Emma Brown ("Brown"), to respond to its Interrogatories and Requests for Production of Documents, which were propounded on or about April 30, 2009. Standard Fire also asks the Court to strike any of Brown's objections and requests an award of attorney's fees and costs.[1] The motion was heard without oral argument on Wednesday, July 15, 2009.

Rule 37.1E provides that "[n]o motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." L.R.

---

[1] Pursuant to Federal Rule of Civil Procedure ("Rule") 33(b)(4) "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4). Likewise, under Rule 36(a)(3) a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requests party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed.R.Civ.P. 36(a)(3).

37.1E.

In the Rule 37.1E Certificate, counsel for Standard Fire certifies that he conferred with counsel for Brown during a discovery teleconference for the purpose of amicably resolving the discovery issues. (R. Doc. 7-4, p. 1.) Counsel further avers that he consented to counsel for Brown's request for additional time to respond to the discovery requests. (R. Doc. 7-4, p. 1.) In the body of the motion, counsel for Standard Fire explains that he provided Brown a 10-day extension to provide the responses. (R. Doc. 7-2, p. 2.) Notwithstanding this extension of time to respond, counsel for the Brown has failed to provide the answers to the discovery requests. As a result, Standard Fire filed the instant motion to compel.

The Court first notes that the subject discovery requests were propounded on April 30, 2009. (*See* R. Doc. 7-5, Standard Fire's First Set of Interrogs. To Pl. and First Set of Reqs. for Produc. of Doc. Apr. 30, 2009.) Therefore, Brown's responses were due no later than May 29, 2009. Although counsel for Standard Fire provided Brown with a 10-day extension, to date, no responses have been received, and the discovery remains outstanding.

Under Local Rule 7.5E, any opposition memorandum is due eight (8) days prior to the hearing. Brown did not file a memorandum in opposition, nor request for an extension of time within which to oppose the motion. Accordingly, after concluding that the motion has merit,

**IT IS ORDERED** that the Defendant, Standard Fire Insurance Company's **Motion To Compel Discovery and Award Attorney's Fees and Costs (R. Doc. 7)** is hereby **GRANTED AS UNOPPOSED**.

**IT IS FURTHER ORDERED** that Brown shall provide her complete responses to Standard Fire's Interrogatories and Requests for Production of Documents no later than **eleven**

**(11) days** from the signing of this Order. Standard Fire is also awarded the fees and costs incurred in bringing the motion.

**IT IS FURTHER ORDERED** that Standard Fire shall file a motion to fix attorney's fees into the record by **Wednesday, September 23, 2009**, along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **Wednesday, September 30, 2009.** Standard Fire shall notice the motion to fix attorney's fees for hearing on **Wednesday, October 7, 2009** and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 3rd day of September 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**